**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

HECTOR BALDERRAMA-CASTRO,

  Defendant - Appellant.

No. 23-2020
(D.C. No. 2:22-CR-00418-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

Hector Balderrama-Castro pleaded guilty to one count of reentry of a removed

alien, in violation of 8 U.S.C. § 1326(a) and (b).  After the district court sentenced

him to 46 months' imprisonment, he appealed.  On appeal, his counsel moved to

withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating

he can identify no nonfrivolous issue for appeal.  The government agreed in a notice

of intent not to file a response brief.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Counsel and the court notified Mr. Balderrama-Castro of counsel's filings, and the court gave him an opportunity to show why his conviction or sentence should be set aside, but he did not respond. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and having conducted the independent review required by *Anders*, 386 U.S. at 744, we grant counsel's motion to withdraw and dismiss the appeal.

## BACKGROUND

Mr. Balderrama-Castro is a native and citizen of Mexico who illegally resided in the United States from 1996 to 2012. After being deported in 2012, he illegally reentered the United States three times. He received an 8-month sentence for his first § 1326 conviction in 2017. He was deported in January 2018, but he returned that same year and received a 30-month sentence for a second § 1326 conviction. He was again deported in December 2020.

On November 6, 2021, while he still was on supervised release for the second § 1326 conviction, federal border patrol agents found him in Doña Ana County, New Mexico. He admitted being a citizen of Mexico without legal authorization to be in the United States.

Without a plea agreement, Mr. Balderrama-Castro pleaded guilty to one count of violating § 1326. In preparing the presentence report, a probation officer determined that, in addition to his two prior convictions for illegal reentry, Mr. Balderrama-Castro had a 2009 Colorado conviction for criminal impersonation and a 2010 Colorado conviction for stalking-emotional distress. All told, his

2

criminal history score was 14, placing him in criminal history category VI.  With an offense level of 17, the advisory Guidelines range was 51 to 63 months.

Mr. Balderrama-Castro did not challenge the facts presented in the presentence report, but he moved for a departure and a variance.  He asserted criminal history category VI significantly overrepresented his record and requested the court depart downward to category IV.  He then requested a variance based on the facts that beyond the illegal reentry, he was not engaged in any other criminal conduct when apprehended; he was a good child who went only as far as elementary school before quitting to work; and his elderly mother suffers from serious health conditions.  He suggested a sentence of time served (15 months) plus three years of supervised release, or in the alternative, 31 months' imprisonment.  The government opposed a departure or a variance and requested a sentence at the low end of the initially calculated Guidelines range.

At sentencing, the district court granted Mr. Balderrama-Castro's motion in part.  Determining that criminal history level V was more representative of his circumstances, it departed downward one criminal-history level.  The Guidelines range thus became 46 to 57 months.  But the court denied a variance.  While expressing sympathy for his mother's health problems and hope for her recovery, it did not perceive that "he has successfully completed any probationary sentence or probation term that he has had imposed on him."  R. Vol. 3 at 22.  "[P]rogressive sentencing has done nothing to deter" Mr. Balderrama-Castro from reentering, and "[a] 30-month sentence last time didn't slow him down in the slightest."  *Id.* at 23.

3

Saying it "hope[d] this sentence is enough to make [him] understand that coming back is the absolute worst thing [he] could do," *id.* at 24, the court imposed a sentence of 46 months' imprisonment and no supervised release.[1]

Mr. Balderrama-Castro appeals.

## DISCUSSION

Under *Anders*, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If counsel makes that determination, he must "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* "The client may then choose to submit arguments to the court." *Id.* We must then fully examine the record "to determine whether defendant's claims are wholly frivolous." *Id.* If we find they are, we may dismiss the appeal. *See id.*

Here, the *Anders* procedural requirements have been satisfied: counsel filed his motion to withdraw and a brief; counsel served Mr. Balderrama-Castro with his filings and the court notified him of his right to respond; and we have fully examined the proceedings. Counsel states that he can identify no potential nonfrivolous ground for appeal. We agree.

---

[1] At the sentencing hearing, the district court also accepted Mr. Balderrama-Castro's admission of violating his supervised release for the second § 1326 conviction and sentenced him to 18 months' imprisonment for that violation, with 14 months to be served concurrently and 4 months consecutively to the sentence it imposed in this case. Mr. Balderrama-Castro did not appeal in the supervised release case, and that matter is not before us in this appeal.

4

Mr. Balderrama-Castro has never expressed any dissatisfaction with his guilty plea. His notice of appeal and the docketing statement he filed in this court both indicate he appealed to challenge his sentence. We thus focus on whether there is a nonfrivolous ground to appeal the sentence.

"We review a trial court's imposition of a sentence under an abuse of discretion standard to determine whether it was reasonable." *United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013). "The reasonableness inquiry has both a procedural component and a substantive component." *Id.*

"Procedural reasonableness involves using the proper method to calculate the sentence, and encompasses selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). Nothing in the record reveals a nonfrivolous issue concerning whether the sentence was procedurally unreasonable. Because Mr. Balderrama-Castro did not object to any procedural errors, he must show the court committed plain error. *See United States v. Jackson*, 82 F.4th 943, 949 (10th Cir. 2023). We see no error, much less plain error. Particularly, it would be frivolous for Mr. Balderrama-Castro to challenge the district court's decision to depart only one criminal-history level, instead of the two he requested. *See United States v. Hamilton*, 413 F.3d 1138, 1146 (10th Cir. 2005) ("[W]e have clearly held that the extent of downward departure chosen by the district court is normally not appealable by a defendant." (internal quotation marks omitted)); *see also United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007) (recognizing the court lacks jurisdiction "to review a district court's

5

discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure" unless "the denial is based on the sentencing court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure" (internal quotation marks omitted)).

That leaves substantive reasonableness, which "concerns the sentence's length." *Brooks*, 736 F.3d at 941-42. A defendant need not object in the district court to preserve a challenge to substantive reasonableness. *See Jackson*, 82 F.4th at 949. "A sentencing decision is substantively unreasonable if it exceeds the bounds of permissible choice, given the facts and the applicable law." *Id.* at 952 (internal quotation marks omitted). "In evaluating substantive reasonableness, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Brooks*, 736 F.3d at 942 (internal quotation marks omitted). "A within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal, and we will find an abuse of discretion only if the district court was arbitrary, capricious, whimsical, or manifestly unreasonable when it weighed the permissible § 3553(a) factors." *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015) (brackets, citation, and internal quotation marks omitted).

Although it heavily weighed part of § 3553(a)(1) ("the nature and circumstances of the offense") and § 3553(a)(2)(A), (B), and (C) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, . . . to afford adequate deterrence to criminal conduct[, and] to protect the public from further crimes"), the

district court nevertheless sentenced Mr. Balderrama-Castro at the low end of the applicable Guidelines range.  In light of the circumstances of this case, it would be frivolous to argue the court was arbitrary, capricious, whimsical, or manifestly unreasonable in how it weighed the § 3553(a) factors.  Nothing in the record rebuts the presumption that the 46-month sentence was substantively reasonable.

## CONCLUSION

For these reasons, we see no nonfrivolous issues for appeal.  We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge